Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001291
12-MAY-2015
08:28 AM

NO. CAAP-14-0001291

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRANDALL PENAFLOR, Plaintiff-Appellant,
v.
BOYD P. MOSSMAN, RICHARD A. PRIEST, JR.,
THOMAS P. GRISWOLD, CITY AND COUNTY OF MAUI,
a municipal corporation, are sued in their individual
and official capacities, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0187(2))

ORDER
GRANTING APRIL 22, 2015 MOTION TO DISMISS
APPEAL BASED ON LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellee Thomas P. Griswold's (Appellee Griswold) April 22, 2015 motion to dismiss appellate court case number CAAP-14-0001291, (2) the lack of any memoranda by any other party in response to Appellee Griswold's April 22, 2015 motion to dismiss, and (3) the record, it appears

that we lack appellate jurisdiction over the appeal that Plaintiff-Appellant Crandall Penaflor (Appellant Penaflor), pro se, has asserted from the Honorable Peter T. Cahill's two November 24, 2014 dismissal orders and one December 12, 2014 dismissal order (the three interlocutory dismissal orders), because the record on appeal does not contain an appealable final judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014) requires for an appeal from a civil circuit court case under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

On January 9, 2015, the circuit court clerk filed the record on appeal in CAAP-14-0001291, which does not contain a

final judgment.  Under the express holding in <u>Jenkins</u>, absent an appealable final judgment, we lack appellate jurisdiction and Appellant Penaflor's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellee Griswold's April 22, 2015 motion to dismiss is granted, and appellate court case number CAAP-14-0001291 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-14-0001291 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 12, 2015.

Presiding Judge

Associate Judge

Associate Judge

-3-